# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER A. PEARCE, | : |
| | : |
| Plaintiff, | : Civil Action No.: [to be assigned] |
| | : |
| vs. | : |
| | : 6:26-CV-00476-AP |
| LINCOLN COUNTY, OREGON; | : |
| LINCOLN COUNTY SHERIFF'S | : |
| OFFICE; LAWRENCE M. WOOTEN, | : |
| in his official and individual capacities; | : |
| JOHN RODRIGUEZ, in his official and | : |
| individual capacities; TIM JOHNSON, | : |
| in his official and individual capacities; | : |
| ~~ONNO HOUSING, in his official and~~ | : |
| ~~Individual capacities,~~ ONNO HUSING, | : |
| IN HIS OFFICIAL AND INDIVIDUAL | : |
| CAPACITIES, | : |
| Defendants. | : |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

AND NOW, comes the Plaintiff, Christopher A. Pearce, by and through himself, *pro se*, to file the instant complaint and in support thereof avers as follows:

## NATURE OF THE ACTION

1.    This is a civil action seeking declaratory, injunctive, and monetary relief for violations of federal and state law arising from Defendants' ongoing discrimination, harassment, and misconduct directed at Plaintiff, a disabled senior citizen and United States Army veteran, at his residential property located at 319 NE Washington Street, Yachats, Oregon.

2.    Plaintiff alleges that Defendants, acting under color of law and in their official capacities, have:

    a.    Failed to provide reasonable accommodations guaranteed under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131–12165, by issuing wrongful parking citations, threatening property condemnation, and denying Plaintiff access to his own property;

pd 15897

-1-

1

2

  b. Engaged in disability-based discrimination in violation of Oregon state civil rights law;

3

4

  c. Made false statements and defamatory claims regarding Plaintiff's property and health, causing harm to his reputation;

5

6

  d. Intentionally inflicted emotional distress through threats, harassment, and endangerment of Plaintiff's health as well as direct threats of condemnation; and

7

8

9

  e. Negligently failed to investigate or mitigate raw sewage contamination from neighboring property, resulting in property damage, personal injury, and life-threatening health consequences.

10  3. Plaintiff brings this action to stop Defendants' unlawful conduct, protect his federally and

11  state-protected rights, and obtain compensation for the injuries and damages he has suffered,

12  including physical harm, emotional distress, property damage, and other economic and

13  non-economic losses.

14              **PARTIES**

15  4. Plaintiff Christopher A. Pearce ("Plaintiff") is a resident of 319 NE Washington Street,

16  Yachats, Oregon 97498. Plaintiff is a senior citizen and a United States Army veteran. He suffers

17  from multiple serious physical and mental disabilities, including but not limited to a spinal injury

18  with nerve damage, chronic pain, congestive heart failure, emphysema, and terminal cirrhosis of

19  the liver. These conditions substantially limit one or more major life activities, including

20  Plaintiff's ability to walk, perform daily activities, and maintain his health.

21  5. Defendant Lincoln County, Oregon ("Lincoln County") is a political subdivision of the

22  State of Oregon. Lincoln County is responsible for, among other things, administering local

23  ordinances, code enforcement, and the assessment and collection of property taxes. Lincoln

24  County receives federal financial assistance and exercises authority, supervision, and control

25  over its departments, agencies, and employees, including the individual Defendants named

26  herein.

27  6. Defendant Lincoln County Sheriff's Office is a department and agency of Lincoln

28  County responsible for law enforcement, public safety, and related enforcement activities within

1  Lincoln County, Oregon. At all relevant times, the Sheriff's Office acted through its officers,

2  employees, and agents.

3  7.    Defendant Lawrence M. Wooten is an employee of Lincoln County. At all relevant times,

4  Wooten acted under color of state law and within the course and scope of his employment.

5  Wooten is sued in both his individual and official capacities. Among other acts, Wooten issued

6  wrongful parking citations to Plaintiff, made false statements concerning Plaintiff's property, and

7  engaged in a course of harassment and threats directed at Plaintiff.

8  8.    Defendant John Rodriguez is a Lincoln County building official. At all relevant times,

9  Rodriguez acted under color of state law and within the course and scope of his employment.

10  Rodriguez is sued in both his individual and official capacities. Rodriguez participated in and

11  facilitated the wrongful disconnection of electrical power to Plaintiff's property, enabling

12  flooding and contamination of the residence, and coordinated with other County officials to

13  threaten condemnation of Plaintiff's home.

14  9.    Defendant Tim Johnson is the County Administrator for Lincoln County. At all relevant

15  times, Johnson acted under color of state law and within the course and scope of his

16  employment. Johnson is sued in both his individual and official capacities. After being placed on

17  notice of the misconduct directed at Plaintiff, Johnson authorized, condoned, or failed to prevent

18  continued threats, coercive conduct, and harassment by County employees.

19  10.    Defendant Onno Husing is the Director of Planning & Development for Lincoln County.

20  At all relevant times, Husing acted under color of state law and within the course and scope of

21  his employment. Husing is sued in both his individual and official capacities. Husing coordinated

22  with other County officials, including John Rodriguez, to threaten condemnation of Plaintiff's

23  home and participated in actions that contributed to the ongoing harassment and interference

24  with Plaintiff's property rights.

25  **JURISDICTION AND VENUE**

26  11.    This Court has original jurisdiction under 28 U.S.C. § 1331 because this action arises

27  under federal law, specifically Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.

28

1  §§ 12131–12165, which prohibits discrimination by public entities against individuals with

2  disabilities.

3  12.    This Court has supplemental jurisdiction over Plaintiff's state law claims, including

4  claims for disability discrimination, defamation, intentional infliction of emotional distress, and

5  negligence, under 28 U.S.C. § 1367, because these claims are so related to the federal claims that

6  they form part of the same case or controversy.

7  13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part

8  of the events giving rise to Plaintiff's claims occurred in Lincoln County, Oregon, including

9  wrongful parking citations, harassment, threats of property condemnation, and actions

10  endangering Plaintiff's health.

11  14.    Lincoln County and its employees reside in this district and perform official duties within

12  this district, further establishing venue as proper.

### FACTUAL ALLEGATIONS

15.    Plaintiff Christopher A. Pearce ("Plaintiff") is a senior citizen, a United States Army

veteran, and suffers from multiple serious physical and mental disabilities, including:

      a.    Spinal injury with nerve damage resulting in loss of mobility and chronic pain;

      b.    Congestive heart failure;

      c.    Emphysema; and

      d.    Terminal cirrhosis of the liver.

16.    These disabilities substantially limit Plaintiff's ability to walk, perform daily activities,

and maintain his health, making reasonable accommodations necessary for his safety and

mobility.

17.    In April 2022, Plaintiff's physician signed a Certificate of Disability, verifying his

medical conditions. Based on this certificate, the Oregon Department of Motor Vehicles issued

Plaintiff a handicap parking permit (permit number 824153), valid until April 2030, granting

Plaintiff legal and protected accommodations with respect to parking access.

18.    Lincoln County, Oregon collects property taxes and revenue from permits and citations

from residents, including Plaintiff.

-4-

19.    The County routinely exceeds its budget and relies on federal funding to maintain operations.

20.    On August 19, 2024, Plaintiff submitted a public records request to Lincoln County requesting records of federal funds received in the 2023 fiscal year. Pursuant to ORS 192.329, public records requests must be responded to "as soon as practicable and without unreasonable delay."

21.    As of the date of this complaint, Plaintiff has waited over 508 days for a response, constituting an ongoing violation of Oregon public records law.

22.    According to media reports, Lincoln County received at least $1.24 million in federal funding over a two-year period, subject to rules and regulations. Plaintiff alleges the County has disregarded these conditions while continuing to rely on federal funds, in violation of federal and state law.

23.    On August 10, 2022, Plaintiff was issued a parking citation (number s54711) by Defendant Lawrence M. Wooten, for allegedly parking illegally on a road he had constructed to access his property.

24.    The driveway was constructed specifically to accommodate Plaintiff's mobility limitations and health conditions, as adjacent properties were designated wetlands and could not accommodate road construction.

25.    Plaintiff's handicap parking permit (824153) was displayed prominently at the time the citation was issued.

26.    On November 16, 2022, Plaintiff received a second citation (number s54712), again from Defendant Wooten, for allegedly not parking within the County's distance-to-structure requirements, while parked on his own property.

27.    Defendant Wooten explicitly stated that "Lincoln County ordinances supersede all federal laws," denying Plaintiff the reasonable accommodations guaranteed under the Americans with Disabilities Act (ADA), Title II.

28.    In an effort to prevent further unlawful citations and code violations, Plaintiff consolidated two adjacent tax lots into a single property at 319 NE Washington Street.

29.     After discovering the consolidation, Defendant Wooten demanded access to Plaintiff's property, threatening to use fraudulent testimony to have Plaintiff's residence condemned.

30.     Wooten falsely alleged that sewage water running down NE Washington Street originated from Plaintiff's septic system, a physical impossibility because Plaintiff's system is located 75 feet downhill from the alleged source.

31.     Wooten made these false claims without any investigation, testing, or consultation with Lincoln County septic inspector Brian Crawford.

32.     Defendant John Rodriguez, a County building official, joined in the scheme, stating he would comply with Wooten's request to fraudulently condemn Plaintiff's property and ordered the electrical service to be disconnected from Plaintiff's residence.

33.     At all relevant times, Defendant Onno Husing, Director of Planning & Development for Lincoln County, acted under color of law and within the course and scope of his employment. Husing coordinated with Defendant John Rodriguez and other County officials to threaten the fraudulent condemnation of Plaintiff's home. Husing participated in the planning and execution of actions that interfered with Plaintiff's property rights, contributed to ongoing harassment, and facilitated the dangerous and unlawful disconnection of utilities that exposed Plaintiff to raw sewage and related health hazards.

34.     Plaintiff had previously installed catch basins and electrical sump pumps to reroute sewage runoff from a neighboring failing septic system. When Rodriguez disconnected power, Plaintiff's catch basins overflowed, flooding the property with raw sewage.

35.     Plaintiff came into direct contact with the contaminated sewage while attempting to mitigate the flow, resulting in a life-threatening infection, hospitalization, and ultimately contributing to a diagnosis of congestive heart failure.

36.     On June 15, 2023, Plaintiff collected water samples from his property and delivered them to Edge Analytical in Corvallis, Oregon for testing.

37.     The laboratory results confirmed that fecal matter from neighboring properties was contaminating Plaintiff's property and posed a continuing threat to his health and safety.

38.    Plaintiff contacted the Lincoln County Road Department to report the sewage runoff on NE Washington Street. He was informed the road was private and not maintained by the County.

39.    This is in direct conflict with previous citations issued by Wooten on the same road, highlighting inconsistent and retaliatory enforcement by the County.

40.    On August 3, 2023, Plaintiff sent a detailed letter to Lincoln County Administrator Tim Johnson, describing the harassment, fraudulent citations, and unsafe conditions created by County employees, and requested relief.

41.    Defendant Johnson responded by instructing the County's legal counsel to impose fines, arrest threats, and additional punitive measures, based on further false claims regarding abandoned and non-functioning vehicles on Plaintiff's property.

42.    The County's employees, acting under color of law, have engaged in continuous harassment, intimidation, and endangerment of Plaintiff, despite knowledge of his severe disabilities and the health risks involved.

43.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered:

      a.    Physical injury and exacerbation of medical conditions;

      b.    Life-threatening infection and hospitalization;

      c.    Severe emotional distress;

      d.    Damage to property from flooding and contamination;

      e.    Interference with the use and enjoyment of his property;

      f.    Loss of federally and statutorily protected rights under the ADA and Oregon civil rights law.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

## (42 U.S.C. § 12131 et seq.)

**(Against Lincoln County, Oregon; Lincoln County Sheriff's Office; Lawrence M. Wooten; John Rodriguez; Onno Husing and Tim Johnson, in their Official Capacities)**

44.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45.     Plaintiff is an individual with a disability as defined under the Americans with

Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12131 et seq., including severe mobility

limitations, chronic pain, congestive heart failure, emphysema, and terminal cirrhosis of the liver.

These disabilities substantially limit Plaintiff's ability to walk, perform daily activities, and live

safely and independently.

46.     Defendants Lincoln County, Lincoln County Sheriff's Office, and the named employees

acted under color of law, in their official capacities, and as agents of a public entity, making them

subject to Title II of the ADA, 42 U.S.C. § 12131 et seq.

47.     Under Title II of the ADA, public entities are prohibited from discriminating against

individuals with disabilities, and must provide reasonable modifications and accommodations to

ensure access to programs, services, and facilities.

48.     Plaintiff is a qualified individual with a disability who required reasonable

accommodations, including the ability to safely park and access his residence, as evidenced by a

valid handicap parking permit (permit number 824153), issued by the Oregon Department of

Motor Vehicles and valid until April 2030.

49.     On August 10, 2022, Defendant Lawrence M. Wooten issued a parking citation (number

s54711) to Plaintiff on a private driveway constructed specifically to accommodate Plaintiff's

disabilities, despite Plaintiff prominently displaying his handicap parking permit.

50.     On November 16, 2022, Defendant Wooten issued a second parking citation (number

s54712) on Plaintiff's own property for alleged failure to comply with County parking distance

requirements, again denying Plaintiff reasonable accommodations under the ADA.

51.     Defendant Wooten explicitly stated that "Lincoln County ordinances supersede all federal

laws," demonstrating a willful disregard for Plaintiff's federally protected rights.

52.     Defendants John Rodriguez and Tim Johnson further discriminated against Plaintiff by:

    a.     Disconnecting electrical service necessary to operate Plaintiff's sump pumps,

       causing flooding with raw sewage;

    b.     Threatening property condemnation in retaliation for exercising rights under the

       ADA;

    c.  Authorizing or condoning ongoing harassment and intimidation in violation of Plaintiff's rights as a disabled individual.

53.    As a direct and proximate result of Defendants' actions, Plaintiff:

    a.  Was denied reasonable accommodations for his disabilities;

    b.  Suffered severe physical injury, including life-threatening infection and hospitalization;

    c.  Experienced emotional distress, fear, and mental suffering; and

    d.  Endured interference with the use and enjoyment of his property.

54.    Defendants' conduct constitutes discrimination under Title II of the ADA in the provision of services, programs, and activities by a public entity, and such conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.

WHEREFORE, Plaintiff respectfully requests that the Court:

- A. Declare that Defendants' actions violated Title II of the ADA;

- B. Enjoin Defendants from further violating the ADA, including interfering with Plaintiff's property rights or denying reasonable accommodations;

- C. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

- D. Award Plaintiff reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 12205; and

- E. Grant such other and further relief as the Court deems just and proper.

**COUNT II**

**DISABILITY DISCRIMINATION UNDER OREGON STATE LAW**

**(Against Lincoln County, Oregon; and Lawrence M. Wooten, John Rodriguez, Onno Husing and Tim Johnson, in their Individual and Official Capacities)**

55.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

56.    Plaintiff is an individual with a physical and mental disability, as defined under Oregon Revised Statutes (ORS) 659A.142 et seq., including severe mobility limitations, chronic pain, congestive heart failure, emphysema, and terminal cirrhosis of the liver.

57.    Plaintiff is a qualified person with a disability, and as such is entitled to reasonable accommodations and protection from discrimination in all aspects of public services, including the use and enjoyment of residential property.

58.    Defendants Lincoln County, Lincoln County Sheriff's Office, and the individual County employees, acting under color of law and within the scope of their employment, are considered employers, agents, and public entities subject to Oregon state civil rights law.

59.    Defendants discriminated against Plaintiff by:

   a. Issuing wrongful parking citations (numbers s54711 and s54712) despite Plaintiff holding a valid handicap parking permit;

   b. Threatening property condemnation based on false and fraudulent claims;

   c. Disconnecting electrical service to Plaintiff's property, causing flooding of raw sewage and creating a health hazard;

   d. Retaliating against Plaintiff for asserting his rights and seeking relief from the harassment and unlawful treatment; and

   e. Denying Plaintiff reasonable accommodations necessary for the safe and equal use of his property.

60.    Defendants' actions were intentional, willful, and undertaken with reckless disregard for Plaintiff's rights under Oregon law.

61.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered:

   a. Physical injuries and exacerbation of existing medical conditions;

   b. Emotional distress and mental suffering;

   c. Loss of use and enjoyment of his property; and

   d. Other economic and non-economic damages in amounts to be proven at trial.

62.    Defendants' actions constitute disability discrimination in violation of Oregon law, including ORS 659A.142, which prohibits discrimination in housing, property use, and access to public services based on disability.

WHEREFORE, Plaintiff respectfully requests that the Court:

-    A. Declare that Defendants' actions violated Oregon disability discrimination law;

- B. Enjoin Defendants from further discriminatory actions, including interfering with Plaintiff's rights as a disabled person and denying reasonable accommodations;

- C. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

- D. Award Plaintiff reasonable attorney's fees, costs, and expenses as permitted by Oregon law; and

- E. Grant such other and further relief as the Court deems just and proper.

## COUNT III

## DEFAMATION AND DEFAMATION PER SE

### (Against Onno Husing, Lawrence M. Wooten and John Rodriguez, in their Individual Capacities)

63.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

64.    Defendants Lawrence M. Wooten and John Rodriguez, acting individually and under color of law as employees of Lincoln County, intentionally made false statements concerning Plaintiff and his property.

65.    Specifically, Defendants Wooten and Rodriguez falsely claimed that:

      a.  Plaintiff's septic system was failing;

      b.  Sewage runoff on NE Washington Street originated from Plaintiff's property; and

      c.  Plaintiff's property conditions posed a public health threat.

66.    These statements were:

      a.  Made publicly or communicated to third parties, including other County officials;

      b.  False and materially misleading; and

      c.  Made without any reasonable investigation, testing, or factual basis.

67.    The false statements were defamatory per se because they:

      a.  Imputed to Plaintiff the commission of a crime or unlawful act;

      b.  Imputed unfitness to engage in his business or occupation; and

      c.  Injured Plaintiff in his trade, business, or profession, or otherwise exposed him to public hatred, contempt, or ridicule.

68.   Defendants acted with malice, recklessness, and willful disregard for the truth of their

statements.

69.   As a direct and proximate result of Defendants' defamatory statements, Plaintiff has

suffered:

      a.   Harm to his reputation;

      b.   Emotional distress;

      c.   Damage to his property interests; and

      d.   Other economic and non-economic damages in amounts to be proven at trial.

70.   Defendants' conduct constitutes defamation and defamation per se under Oregon law.

WHEREFORE, Plaintiff respectfully requests that the Court:

-   A. Declare that Defendants' statements were false, defamatory, and made with malice;

-   B. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

-   C. Enjoin Defendants from making further defamatory statements about Plaintiff;

-   D. Award Plaintiff costs and attorney's fees as permitted by law; and

-   E. Grant such other and further relief as the Court deems just and proper.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Against Onno Husing, Lawrence M. Wooten, John Rodriguez, and Tim Johnson, in their**

**Individual Capacities)**

71.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

72.   At all relevant times, Defendants Lincoln County, Oregon, Lawrence M. Wooten, John

Rodriguez, and Tim Johnson acted under color of law and within the course and scope of their

employment as County officials and employees.

73.   Defendants engaged in a pattern of extreme and outrageous conduct toward Plaintiff, a

disabled senior citizen and United States Army veteran, that exceeded all bounds of socially

tolerable behavior.

74.   Such conduct included, but was not limited to:

a. Repeatedly issuing wrongful and discriminatory parking citations despite Plaintiff's visible disabilities and valid handicap parking permit;

b. Openly declaring that County ordinances "supersede all federal laws," in willful disregard of Plaintiff's rights under the ADA;

c. Threatening fraudulent condemnation of Plaintiff's residence after Plaintiff lawfully consolidated his property to prevent further harassment;

d. Making knowingly false accusations that Plaintiff's septic system was leaking sewage, without investigation or testing;

e. Disconnecting electrical service to Plaintiff's property, despite knowledge that the power was necessary to operate sump pumps preventing raw sewage flooding;

f. Creating or exacerbating a public health emergency on Plaintiff's property by disabling safeguards and then threatening enforcement action; and

g. Retaliating against Plaintiff after he reported misconduct and sought administrative relief.

75. Defendants knew, or recklessly disregarded, that Plaintiff suffered from severe physical disabilities, chronic illness, and limited mobility, and that their actions would foreseeably cause him extreme emotional distress.

76. Defendants either intended to cause Plaintiff severe emotional distress or acted with reckless indifference to the near certainty that such distress would occur.

77. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including but not limited to:

a. Fear for his health and safety;

b. Emotional anguish, anxiety, and humiliation;

c. Loss of sleep and mental peace;

d. Exacerbation of existing medical conditions; and

e. Emotional trauma associated with physical injury, hospitalization, and loss of security in his own home.

78.    Plaintiff's emotional distress was severe, real, and objectively verifiable, and was not fleeting, trivial, or the type of distress a reasonable person should be expected to endure.

79.    Defendants' conduct constitutes Intentional Infliction of Emotional Distress under Oregon common law.

WHEREFORE, Plaintiff respectfully requests that the Court:

- A. Enter judgment in favor of Plaintiff on this Count;
- B. Award compensatory damages for emotional distress and related harm in an amount to be proven at trial;
- C. Award punitive damages against the individual Defendants for willful and malicious conduct;
- D. Award costs and attorney's fees as permitted by law; and
- E. Grant such other and further relief as the Court deems just and proper.

## COUNT V

## NEGLIGENCE / PUBLIC HEALTH ENDANGERMENT (OREGON STATE LAW)

## (Against Lincoln County, Oregon; and Lawrence M. Wooten, John Rodriguez, Onno Husing and Tim Johnson, in their Individual and Official Capacities)

80.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

81.    At all relevant times, Defendants Lincoln County, Oregon, Lawrence M. Wooten, John Rodriguez, and Tim Johnson owed Plaintiff a duty of care under Oregon law to:

a.    Exercise reasonable care in the enforcement of County codes and ordinances;

b.    Avoid creating or exacerbating hazardous conditions on private property;

c.    Properly investigate allegations of sewage contamination before taking enforcement action; and

d.    Protect the health and safety of residents, particularly vulnerable individuals such as disabled and elderly persons.

82.    Defendants breached their duties of care by acts and omissions including, but not limited to:

-14-

a. Making false and unverified allegations that Plaintiff's septic system was leaking or contaminating public areas;

b. Failing to conduct any laboratory testing, professional inspection, or consultation with a certified septic inspector before taking enforcement action;

c. Ordering the disconnection of electrical service to Plaintiff's property despite knowing that electrical power was necessary to operate sump pumps preventing sewage overflow;

d. Ignoring clear evidence that sewage runoff originated from neighboring properties located at higher elevation;

e. Failing to respond appropriately to Plaintiff's reports of active sewage contamination and public health risk; and

f. Using code enforcement powers in a retaliatory and reckless manner unrelated to legitimate public safety concerns.

83. Defendants knew or should have known that disconnecting power to Plaintiff's property would foreseeably result in raw sewage flooding, environmental contamination, and serious health risks.

84. As a direct and proximate result of Defendants' negligence:

a. Plaintiff's property was flooded and contaminated with raw sewage;

b. Plaintiff was exposed to hazardous waste and developed a life-threatening infection;

c. Plaintiff required hospitalization and suffered a heart attack, leading to a diagnosis of congestive heart failure;

d. Plaintiff's existing medical conditions were exacerbated; and

e. Plaintiff suffered property damage, economic loss, pain and suffering, and emotional distress.

85. Defendants' conduct constituted public health endangerment, as it created and worsened unsafe environmental conditions that posed a serious risk to Plaintiff and others.

86.    Defendants' actions and omissions were negligent, and in certain respects grossly negligent, demonstrating conscious indifference to the foreseeable harm their conduct would cause.

87.    Plaintiff complied with the Oregon Tort Claims Act, ORS 30.260–30.300, by timely providing written notice of his claims to Lincoln County.

88.    Plaintiff suffered actual damages, including medical expenses, property damage, loss of use and enjoyment of his property, physical injury, and non-economic damages, all in amounts to be proven at trial.

WHEREFORE, Plaintiff respectfully requests that the Court:

-    A. Enter judgment in favor of Plaintiff on this Count;

-    B. Award compensatory damages for physical injury, property damage, medical expenses, and pain and suffering;

-    C. Award punitive damages against the individual Defendants to the extent permitted by Oregon law;

-    D. Award costs and attorney's fees as allowed by law; and

-    E. Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

89.    Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure, and applicable state law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher A. Pearce respectfully requests that judgment be entered in his favor and against Defendants, and that the Court grant the following relief:

-    A declaration that Defendants' actions and omissions violated:

    -    Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.;

    -    Oregon state disability discrimination laws; and

    -    Oregon common law governing defamation, intentional infliction of emotional distress, and negligence.

-    Preliminary and permanent injunctive relief prohibiting Defendants from:

- Further discrimination against Plaintiff based on disability;
- Denying reasonable accommodations required by federal and state law;
- Harassing, retaliating against, or selectively enforcing codes against Plaintiff;
- Taking enforcement actions based on false or unverified allegations; and
- Interfering with Plaintiff's lawful use and enjoyment of his property.

- An order requiring Defendants to adopt and enforce policies, training, and procedures to ensure compliance with the ADA and Oregon civil rights law.

- An order directing the U.S. Marshall to subpoena any evidence Lincoln County has regarding the septic system on Plaintiff's property for fraud investigation in the future.

- An award of compensatory damages of $100,000.00 or such other reasonable sums as may be determined in a trial by jury, including but not limited to:
  - Medical expenses and related health care costs;
  - Physical pain and suffering;
  - Emotional distress and mental anguish;
  - Property damage and remediation costs;
  - Loss of use and enjoyment of property; and
  - Other economic and non-economic losses.

- An award of punitive damages in the amount of $100,000.00 against the individual Defendants for willful, malicious, and reckless disregard of Plaintiff's federally and state-protected rights, or to the extent permitted by law.

- An award of reasonable attorneys' fees, litigation expenses, and costs pursuant to:
  - 42 U.S.C. § 12205 (ADA);
  - Applicable Oregon statutes; and
  - Any other applicable authority.

- An award of pre-judgment and post-judgment interest as permitted by law.

1   -   Such other and further relief as the Court deems just, proper, and equitable.

2

3   DATED: 03/11/2026                        Respectfully Submitted,

4

5                                            Christopher a. Pearce

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28