IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHRISTOPHER A. PEARCE,

Plaintiff,

v.

LINCOLN COUNTY, OREGON, LINCOLN COUNTY SHERIFF'S OFFICE, LAWRENCE M. WOOTEN, JOHN RODRIGUEZ, TIM JOHNSON, and ONNO HUSING,

Defendants.

Case No. 6:26-cv-00476-AP

**OPINION & ORDER**

POTTER, United States Magistrate Judge:

Plaintiff Christopher Pearce alleges that Defendants Lincoln County, Lincoln County Sherrif's Office, Lawrence Wooten, John Rodriguez, Tim Johnson, and Onno Husing discriminated against him on the basis of his disability. First Amend. Compl., ECF No. 4 (FAC). He brings claims under the Americans with Disabilities Act and the corresponding Oregon state statute. FAC 7-11. He also brings state law claims of defamation, intentional infliction of emotional distress, and negligence. FAC 11-16. Defendant Lincoln County moves to dismiss on behalf of all Defendants. Def.'s Mot., ECF No. 5.

All parties have consented to jurisdiction by a U.S. Magistrate Judge. ECF No. 15. Because Plaintiff's claims are untimely, Defendant's motion is GRANTED.

## BACKGROUND

In April 2022, Plaintiff obtained a handicap parking permit from the Oregon Department of Motor Vehicles. FAC ¶ 17. Plaintiff alleges that, despite this permit, he received two parking citations. The first citation, in August 2022, was "for allegedly parking on a road [Plaintiff] had constructed to access his property." FAC ¶ 23. The second, in November 2022, was "for allegedly not parking within [Lincoln] County's distance-to-structure requirements, while parked on his own property." FAC ¶ 26.

Plaintiff also alleges that Defendants then attempted to "fraudulently condemn" Plaintiff's home in 2023?. FAC ¶¶ 29-33. He alleges that Defendant Wooten "falsely alleged that sewage water running down NE Washington Street originated from Plaintiff's septic system." FAC ¶ 30. Plaintiff alleges that when Defendant Rodriguez ordered his electrical service be disconnected, Plaintiff was exposed to contaminated sewage which contributed to his diagnosis of congestive heart failure. FAC ¶¶ 32-35.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim that is plausible on its face does not need detailed factual allegations, but it presents sufficient facts of alleged conduct that allows the Court to reasonably infer the defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded, material factual allegations and construe them in the light most favorable to the non-moving party. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1240 (9th Cir. 2023). However, the Court need not accept as true legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555.

Plaintiff is self-represented. In addition to the liberal pleading standards of Fed. R. Civ. P. 8(a)(2), pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). The Court "recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)). If the pro se complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**DISCUSSION**

Plaintiff brings claims under the ADA and Oregon's disability discrimination laws. Comp. 8-9. Defendant moves to dismiss these claims, arguing that "they are based on time-barred conduct and were filed outside the statute of limitations." Def.'s Mot. 2. The Court agrees.

Title II of the ADA, which prohibits discrimination in public services, "does not contain an express statute of limitations." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015). Instead, courts "borrow the statute of limitations applicable to the most analogous state-law claim." *Id.* "Courts in the District of Oregon have held that ADA claims for disability discrimination in public accommodations are most analogous to claims under ORS § 659A.142(4) such that the two-year statute of limitations in ORS § 12.110 applies." *Bray v. Oregon*, No. 3:23-CV-00631-CL, 2025 WL 3563415, at *9 (D. Or. Dec. 11, 2025). Therefore, Plaintiff's claims of disability discrimination under the ADA and Oregon state law are both subject to a two-year statute of limitations. Here, Defendants' alleged discriminatory actions took place in 2022 and 2023. *See generally* FAC. Plaintiff's complaint was not filed until March 2026. Compl., ECF No. 1.

Because Plaintiff's claims were filed outside the statute of limitations, they are time-barred and are dismissed without leave to amend.

Plaintiff also brings state law claims for defamation, intentional infliction of emotional distress, and negligence. FAC 11-16. Defendant argues that those claims are also untimely. Def.'s Mot. 6-8.

As explained above, all the conduct in this case occurred more than two years before filing suit. Plaintiff's claims for intentional infliction of emotional distress and negligence are subject to a two-year statute of limitations. *See* ORS 12.110(1) (two-year statute of limitations for negligence); *Stupek v. Wyle Lab. Corp.,* 327 Or 433, 963 P.2d 678, 679 (Or. 1998) (holding that intentional infliction of emotional distress has a two-year statute of limitations). And Plaintiff's defamation claim is subject to a one-year station of limitations. *See Hugo v. Silberger*, No. 3:25-cv-00747-SB, 2025 WL 3037911, at *11 (D Or Oct. 30, 2025). Plaintiff's state law claims are also time-barred and are dismissed without leave to amend.

**CONCLUSION**

Defendant's Motion to Dismiss (ECF No. 5) is GRANTED.

IT IS SO ORDERED.

DATED this 17th day of August, 2026.

/s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge